**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1683
_____

ARTHUR R. OVERBY,
                              Appellant

v.

BOEING GLOBAL STAFFING; VERIFICATIONS INC

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-13-cv-01540)
District Judge:  Honorable Cathy Bissoon

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 3, 2014
Before:  FISHER, JORDAN and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 8, 2014 )
_____

OPINION
_____

PER CURIAM

       Arthur R. Overby appeals pro se from the District Court's order dismissing his

complaint with prejudice.  We will affirm.

I.

On May 24, 2011, Overby received an offer of employment to work at The Boeing Company[1] beginning at the end of June 2011. However, on July 8, 2011, after he had relocated to South Carolina from Pennsylvania for the position, he was notified that he would not be hired because of the results of an investigation into his background and criminal history. On July 16, 2013, Overby initiated paperwork to file a charge with the Equal Employment Opportunities Commission ("EEOC") alleging that he had been discriminated against on the basis of his race. In a notice dated September 11, 2013, the EEOC informed Overby that his claim was time-barred because he had waited too long after the date of the alleged discrimination to file his charge, but it stated that Overby could file a lawsuit based on his charge in federal or state court within 90 days of his receipt of the notice.

On October 24, 2013, Overby filed a complaint in the United States District Court for the Western District of Pennsylvania against The Boeing Company and Verifications, Inc., the company that had conducted the background check. He alleged discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA"), and he sought damages for his travel expenses and lost wages. The Boeing Company filed a motion to dismiss, which Verifications, Inc., joined. After finding that Overby's claims were time-barred because he had failed to file a charge with

_____

[1] According to Appellee Boeing Global Staffing, the proper name for the corporate entity

2

the EEOC within 300 days of the alleged discriminatory action, the District Court granted the defendants' motion and dismissed Overby's complaint with prejudice. Overby appeals.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal of Overby's complaint. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). To survive a motion to dismiss, a plaintiff must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In conducting our review, we liberally construe Overby's pro se filings. See Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

## III.

Overby challenges the District Court's determination that his claims were time-barred. Plaintiffs bringing discrimination claims under Title VII and the ADA must exhaust their administrative remedies by filing an administrative charge with the EEOC within 300 days of the alleged discriminatory act. 42 U.S.C. § 2000e-5(e)(1); Mandel v. M & Q Packaging Corp., 706 F.3d 157, 164-65 (3d Cir. 2013); Churchill v. Star Enters., 183 F.3d 184, 190 (3d Cir. 1999) (applying the administrative procedures of Title VII to ADA claims). Overby argues that his complaint was timely because he filed it with the District Court within 90 days of receiving notice of the EEOC's decision to close its file

being sued is The Boeing Company. We will therefore refer to it by that name.

3

on his charge.  Regardless of whether his complaint was timely filed, he could not pursue his claims in the District Court because he did not properly exhaust them.  After The Boeing Company informed Overby that he was no longer hired on July 8, 2011, he waited until July 16, 2013 to file a charge with the EEOC.  As July 13, 2013, was more than 300 days after July 8, 2011, we agree with the District Court's decision to dismiss Overby's complaint.  See Watson v. Eastman Kodak Co., 235 F.3d 851, 854, 857 (3d Cir. 2000).

Accordingly, we will affirm the District Court's judgment in favor of The Boeing Company and Verifications, Inc.